# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:12-cr-00020-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| (5) KEITH ARTHUR VINSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Keith Vinson's Motion to Sever Offenses [Doc. 120].

## I.    PROCEDURAL BACKGROUND

On April 4, 2012, the Defendant Keith Arthur Vinson (Vinson), along with several co-defendants, was charged in a Bill of Indictment with various violations of federal law, including conspiracy, bank and wire fraud, and money laundering.  [Doc. 1].  A Superseding Bill of Indictment was filed against Vinson and his co-defendants on December 5, 2012.  [Doc. 100].

On January 14, 2013, Vinson filed the present Motion, seeking to sever the counts from the Superseding Bill of Indictment related to the Queens Gap Development.   [Doc. 120].   The Government opposes Vinson's Motion.  [Doc. 146].

## II. ANALYSIS

Rule 8 of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Court may sever the charged offenses, however, if the joinder of such offenses "appears to prejudice" a party. Fed. R. Crim. P. 14(a).

The Fourth Circuit has recognized that "[w]here offenses are properly joined under Rule 8(a), severance of the offenses is rare." United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012). The Court "should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005) (quoting Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Accordingly, a defendant seeking severance must make "a strong showing of prejudice" resulting from the joinder of the

offenses.  United States v. Branch, 537 F.3d 328, 341 (4th Cir. 2008)

(quoting United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984)).

In the present case, the Government has alleged that the scheme to

defraud Queens Gap and DM, with the cooperation of a bank insider, was

part of the common scheme or plan to secure additional funding for the

Seven Falls project.  Specifically, the Government alleges that the stolen

funds were used to the benefit of Seven Falls and that the lots were

pledged as security for a complex series of loans that constitute part of the

factual basis for Counts Thirty-Four, Thirty-Seven, and Thirty-Nine through

Forty. At the very least, these transactions and events bear a "logical

relationship" to one another and therefore are properly joined under Rule

8(a).  See Cardwell, 433 F.3d at 385 (noting that a "logical relationship"

exists between offenses "when consideration of discrete counts against the

defendant paints an incomplete picture of the defendant's criminal

enterprise").

In arguing for severance of the Queens Gap counts, Vinson contends

that the inclusion of these counts creates "the unacceptable risk that the

jury would conclude that 'where there's smoke there is fire.'"  [Doc. 120 at

4].  Such argument, however, fails to establish any prejudice to the

Defendant resulting from the inclusion of these counts. Accordingly, the Defendant's motion for severance of these counts is denied.

**IT IS, THEREFORE, ORDERED** that Defendant Keith Vinson's Motion to Sever Offenses [Doc. 120] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 26, 2013

Martin Reidinger
United States District Judge