IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 20-5

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KEITH ARTHUR VINSON. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** came before the undersigned pursuant to a Motion for Travel Authorization (#243) filed by counsel for Defendant. In the motion, Defendant's counsel requests that the Court "order issuance of travel authorization so as to allow counsel to obtain lodging without having to pay for same in advance and await reimbursement at some uncertain date in the future". The motion does not cite the Court to any authority which would authorize the issuance of such an order.

The undersigned has examined <u>The Guide to Judiciary Policies and Procedures</u> and it appears that two rules may apply to the request of Defendant's counsel. **Vol. 7, Part A, Chapter 2 § 230.63.40 provides**:

> (a) Travel by privately owned automobile should be claimed at the mileage rate currently prescribed for federal judiciary employees who use a private automobile for conduct of official business. Parking fees, ferry fares, and bridge, road, and tunnel tolls may also be claimed. Transportation other than by privately owned automobile

should be claimed on an actual expense basis.

(b)     Per diem in lieu of subsistence is not allowable, since the CJA provides for reimbursement of expenses actually incurred. Therefore, counsel's expenses for meals and lodging incurred in the representation of the defendant would constitute reimbursable "out-of-pocket" expenses.

(c)     In determining whether actual expenses incurred are "reasonable," counsel should be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.

(d)     Government travel rates at substantial reductions from ordinary commercial rates may be available from common carriers for travel authorized by the court in connection with representation under the CJA. To obtain such rates, attorneys must contact the clerk of the court and obtain prior approval from the presiding judicial officer.

**§ 230.63.50 Interim Reimbursement for Expenses provides**:

(a)     Where it is considered necessary and appropriate in a specific case, the presiding judge or U.S. magistrate judge may, in consultation with the AO Office of Defender Services, arrange for interim reimbursement to counsel of extraordinary and substantial expenses incurred in providing representation in a case.

(b)     Interim reimbursement should be authorized when counsel's reasonably-incurred out-of-pocket expenses for duplication of discovery materials made available by the prosecution exceed $500.

The undersigned has considered Defendant's motion as being a request under § 230.63.40(d) that he be allowed to obtain the "Government travel rate" from an appropriate hotel or motel in the Asheville area. The Court will grant that request. However, the undersigned cannot issue an order allowing Defendant's

counsel to obtain lodging without having to pay for the lodging and await reimbursement. Defendant's counsel is instructed to consult § 230.63.50 regarding interim reimbursement for his travel expenses and other provisions of The Guide to Judiciary Policy, specifically Volume 7, as they relate to defender's services.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that Defendant's counsel is hereby **GRANTED** approval to obtain the Government rate of travel for hotel or motel expenses incurred during the trial of the above entitled matter, pursuant to Vol 7 of The Guide to Judiciary Policy, Part A, Chapter 2, § 230.63.40(d). The remainder of the Motion for Travel Authorization (#243) is **DENIED**.

Signed: September 23, 2013

Dennis L. Howell
United States Magistrate Judge