# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:12-cr-00020-MR-DLH-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KEITH ARTHUR VINSON. ) | |

**THIS MATTER** is before the Court on the Government's oral motion to revoke the Defendant's bond.

## I. BACKGROUND

On October 17, 2013, a jury found the Defendant guilty of Counts One through Thirteen of the Second Superseding Bill of Indictment. [Doc. 291]. Immediately following the jury's verdict, the Government moved to revoke the Defendant's bond pursuant to 18 U.S.C. § 3143(a)(1) and requested that the Defendant be detained pending sentencing. While conceding that the Defendant was not a danger to others or the community at large, the Government argued that he was a flight risk. In so arguing, the Government relied upon the evidence produced at trial as well as additional documentary evidence that suggests that the Defendant owns or has access to certain overseas accounts and other assets, thereby giving

him the financial resources to flee. The Government also produced evidence that the Defendant had fabricated an email communication to a co-defendant to make it appear that the Defendant had received a large sum of money from an investor, thereby demonstrating the Defendant's dishonesty. Finally, the Government relied on documentation indicating that the Defendant was facing the potential foreclosure of his residence, as showing that the Defendant's ties to the community were tenuous.

The Defendant opposed the Government's motion, arguing that he was not a flight risk. In support of his argument, the Defendant presented the testimony of supervising probation officer Robert Ferguson, who confirmed that the Defendant had complied with all terms and conditions of his pretrial release. The Defendant himself also took the stand to testify. The Defendant admitted to fabricating an email communication from Devin McCarthy and sending the fabricated email communication to co-defendant Buck Cashion in an attempt to get Cashion "off [his] back" about repaying a loan to Cashion. He further testified that the potential foreclosure of his residence was the result of a $800 lien filed by his homeowner's association. The Defendant denied having any type of overseas bank accounts or other assets at his disposal.

## II. ANALYSIS

Section 3143 of Title 18, United States Code, provides in pertinent part as follows:

> Except as provided in paragraph (2)[1], the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). Thus, pursuant to this provision, the Court is required to detain the Defendant unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of another person or the community if released. At this stage in the proceedings, the burden of demonstrating the absence of a risk of flight or danger to the community is borne by the Defendant. Fed. R. Crim. P. 46(c).

---

[1] It is undisputed that paragraph (2) is not applicable in the present case.

The Court concludes that the Defendant has failed to satisfy this burden. While the Government concedes that the Defendant is not a danger, the Defendant has failed to present clear and convincing evidence that he is not a risk of flight. Although the Defendant has complied with all terms and conditions of his pretrial supervision, his legal status has now changed. He is no longer presumed innocent but has been found guilty of all of the counts of conviction. The Government maintains that the Defendant faces a thirty-year maximum sentence and that in light of the characteristics of his offenses likely faces a lengthy sentence. These factors all increase the Defendant's incentive to flee. See United States v. Jinwright, No. 3:09-cr-00067-W, 2010 WL 2926084, at *5 (W.D.N.C. July 23, 2010) (Whitney, J.). Further, while the Defendant has ties to the community, in that his 18-year-old daughter and girlfriend reside in this District, such ties cannot be considered to be substantial, as they are limited to these two individuals, neither of whom relies upon the Defendant for support.

Finally, as shall be discussed further in the sealed findings submitted simultaneously herewith, the Defendant has the potential financial resources to flee. The fraudulent schemes for which the Defendant has been convicted resulted in fraudulent loans in excess of $20

million, millions of which have yet to be recovered. The Government has presented evidence which suggests that the Defendant has access to overseas accounts and other assets which could aid him in flight. For example, the Government produced an application completed by the Defendant in October 2010 to open a brokerage account in Brazil. [Gov't Ex. DH2]. The Government also produced a Monthly Statement from Reigold, a Hong Kong-based company, indicating that an account was opened in the name of Seven Falls, LLC in November 2008. While the Defendant testified that this statement was nothing more than a commitment letter, this characterization is belied by the statement itself, which shows account activity by Seven Falls in January 2009. The available balance of the account as of February 2, 2009 was $10,100.390.00. [Gov't Ex. 535]. Moreover, the evidence at trial established that the Defendant had represented to Devin McCarthy that this bank statement was a current and accurate statement of the funds available to Seven Falls, LLC as of April 2009. For these reasons, the Court specifically finds the Defendant's characterization of this document as something other than an account statement is simply not credible.[2]

---

[2] The Court further notes that the Defendant denied having traveled out of the country since 2005, with the exception of one trip to the Bahamas, but his passport indicates

Based on the foregoing, as well as the sealed findings filed simultaneously herewith, the Court concludes that the Defendant has failed to satisfy his burden to show by clear and convincing evidence that he is not likely to flee. Accordingly, the Government's oral motion for revocation of the Defendant's bond is granted.

**IT IS, THEREFORE, ORDERED** that the Government's oral motion for revocation of the Defendant's bond is **GRANTED**, and the Defendant shall be detained pending sentencing.

**IT IS SO ORDERED.**

Signed: October 25, 2013

Martin Reidinger
United States District Judge

---

that he also traveled to Mexico as recently as 2010.