IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 20-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KEITH ARTHUR VINSON. ) | |

**THIS MATTER** came on to be heard before the undersigned pursuant to a Motion For Status of Counsel Hearing (#313) filed by the Defendant acting pro se. In the motion, it appears that the Defendant is requesting that counsel be substituted for his present appointed counsel, attorney John Clark Fischer. Upon the call of this matter on for hearing, it appeared that Defendant was present, Mr. Fischer was present, and the Government was present and represented through Assistant United States Attorney Don Gast. From the records in this cause and the inquiry made by the undersigned with Defendant in a sealed proceeding, and from the arguments of Mr. Gast and the arguments of Mr. Fischer, the Court makes the following findings:

**Findings.** The Defendant was charged in a multiple count indictment (#1) and a Second Superseding Bill of Indictment (#269) with multiple criminal violations concerning fraudulent loans from financial institutions related to a real

1

estate development in Western North Carolina.  Upon request of Defendant, the undersigned entered an Order appointing counsel to represent the Defendant and Attorney John Clark Fischer was appointed to represent the Defendant in this matter.  The trial of the charges against Defendant was conducted before United States District Martin Reidinger in October 2013 which led to a jury verdict adverse to Defendant being entered on October 18, 2013.  Judge Reidinger then directed that the terms and conditions of pretrial release of Defendant be revoked and the Defendant be detained pending sentencing.

On January 13, 2014, Attorney Matthew E. Orso of Charlotte, NC entered a general appearance on behalf of Defendant as retained counsel (#302).  On January 21, 2014, Mr. Orso filed a Motion to Withdraw as Counsel (#306) for Defendant which motion was allowed on January 30, 2014 (#309).  Sentencing on the Defendant is pending and it has been estimated by the United States Probation Office that the Presentence Report will be completed within the next two to three months.

After the call of the Defendant's motion, the undersigned presented the issue as to whether or not it would be necessary to make an inquiry with Defendant and during conducting such an inquiry, whether or not confidential communications between Defendant and Mr. Fischer might be disclosed.  The Government objected to the Court conducting a sealed proceeding.  This objection was overruled by the

undersigned and the undersigned made an inquiry of Defendant in a sealed proceeding as shall be shown in the sealed record.

After conducting the sealed proceeding, the undersigned reopened the proceeding and invited Mr. Gast to reenter the courtroom. The undersigned advised Mr. Gast the majority of the discussions during the inquiry with Defendant did involve confidential communications between Defendant and Mr. Fischer or Mr. Orso and other attorneys. Mr. Gast objected to the Motion to Withdraw of the Defendant.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why the Defendant does not wish for Mr. Fischer to represent him further; and (3) whether or not there is such a conflict between the Defendant and Mr. Fischer that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

First considering the timeliness of the mother, the undersigned has determined that this factor must be weighed in favor of denying the motion of Defendant. To substitute counsel at a time shortly before sentencing would give substitute counsel only a short period of time to become familiar with what appears from the court file to be an expansive record. From previous hearings that this Court held in regard to discovery disputes, the undersigned is advised that there are well over 200,000 pages of documents that would have to be reviewed by substitute counsel in addition to a review of the trial transcript which may have not yet been prepared. To place such a burden on new counsel would not be in the best interest of the Defendant. Mr. Fischer has knowledge of the proceedings against Defendant that no other attorney could have due to his length of representation of Defendant at all stages concerning this matter.

The undersigned inquired as to the reasons for the potential conflict between Defendant and Mr. Fischer. The inquiry shall appear of record. After hearing from both the Defendant and Mr. Fischer, the undersigned is of the opinion that Mr. Fischer has been performing his job in representing Defendant. The undersigned further finds there is no basis for the opinion that Mr. Fischer is not providing good representation for the Defendant. From discussions with the Defendant, it appears the Defendant objects to a decision by Mr. Fischer not to appeal a decision by the District Court revoking the terms of pretrial release of

Defendant further to the Fourth Circuit Court of Appeals. The undersigned does not find that such decision by counsel should be weighed in favor of allowing Defendant's motion.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Mr. Fischer and the Defendant there is a total lack of communication between them preventing an adequate defense. It does not appear to the undersigned that such a conflict exists between Defendant and Mr. Fischer. Mr. Fischer is an excellent attorney who has worked diligently on behalf of Defendant. In January, Defendant retained counsel to represent him, that being Matthew E. Orso, Attorney of Charlotte, NC. Should Defendant desire to retain counsel to represent him further, then a motion by Mr. Fischer to withdraw would certainly be allowed.

After considering all of the above factors, it appears there is little time before sentencing within which to appoint other counsel who has the knowledge of the case that Mr. Fischer. As a result of the inquiry made by the undersigned, the undersigned cannot find good reason for the appointment of another attorney in substitution of Mr. Fischer. It also appears to the undersigned there does not appear to be a lack of communication between Mr. Fischer and the Defendant which would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an Order

denying the Motion for Status of Counsel Hearing (#313) which the undersigned has considered as a motion for substitution of counsel.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion for Status of Counsel Hearing (#313) of Defendant, *pro se*, considered by the Court as a motion for substitution of counsel is **DENIED**.

Signed: February 25, 2014

Dennis L. Howell
United States Magistrate Judge